## BUNTEN *v.* AMERICAN SECURITY & TRUST CO.

---

DEEDS, RECORD AND DELIVERY OF; REVOCATION; EJECTMENT.

1. The record of a deed is not essential to delivery even though it be withheld from record by agreement of the parties. (Following *Fitzgerald v. Wynne*, 1 App. D. C. 107.)

2. A trust deed of certain real estate whereunder the grantor retained a beneficial life estate in the property and its proceeds, which, after the death of the grantor, was to go to a church, and a contemporaneous agreement whereby the trustee accepted the trust for a stated compensation and the grantor agreed to pay all taxes, and whereby it was

provided that the deed should not be placed on record until the death of the grantor, unless she gave written directions so to do,—cannot be held to have been revoked by a letter from the grantor to the trustee, written several years after the delivery of the deed and agreement, stating that she had conditionally conveyed the property to the trustee; that she understood that the trust had not taken effect; revoking the trust and asking for the cancelation of the two instruments and for their return to her,—to which letter the trustee replied, refusing to cancel or annul the trust, on the ground that it had been duly accepted and the *cestui que trust* had become vested with certain rights which the trustee could not destroy, and might be held answerable for, and suggesting a way to accomplish her desire, which the grantor failed to act upon. And devisees of such a grantor cannot maintain an action of ejectment against the trustee.

No. 1484. Submitted March 9, 1905. Decided March 21, 1905.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia in an action of ejectment in which a jury trial had been waived. *Affirmed.*

The COURT in the opinion stated the case as follows:

This is an appeal from a judgment in favor of the defendant appellee, the American Security & Trust Company, entered in an ejectment suit. The general issue was pleaded, issue joined thereon, and the case tried by the court, a jury having been waived by written stipulation signed by both parties.

The record discloses that one Harriet Patience Dame, an unmarried woman, on June 18, 1892, being in possession of certain real estate situate in the District of Columbia, and known as lot 43 of Lanier Heights, executed and left with the defendant a deed conveying said lot in fee simple to it, as trustee. The deed provided that the grantor, and her assigns, during her natural life, were to be permitted to use, occupy, and enjoy, and have the rents, issues, and profits of the land and premises; and further that the grantee, upon the written request of the grantor, should convey the premises in fee simple to such person or persons as she might designate in writing, and that the proceeds received therefrom, less proper costs and

charges, should be used by the trustee to purchase such other real estate as might be designated by her in writing, the substituted real estate to be held upon the same trusts as the original lot; the power to sell and reinvest, under like conditions, being made continuous; and upon the death of the grantor the real estate so vested in the trustee was thereafter to be held by the trustee to apply, use, and dispose of as provided by the deed of trust. It is unnecessary to set forth the uses to which the trust estate was to be put, or under whose directions it was to be, as the validity of the trusts and the administration thereof are not here in question, nor could they be in this proceeding, which is a suit at law, and not one in equity. Contemporaneously with the execution of the deed, the parties to it executed an agreement in writing, which, after referring to the conveyance of the lot to the trustee by virtue of the deed, and to a request for its acceptance by the trustee, and in consideration of its consent so to do upon the execution of the agreement, recites that the grantor is to pay all taxes, costs, and charges which might be levied against the lot, or any substituted real estate. Provision was also made for the compensation of the trustee. It was also provided that the deed should not be placed on record in the office of the recorder of deeds until the death of the grantor, unless she gave written directions that it be recorded.

Some five years after the execution and delivery of the deed and agreement, the grantor wrote a letter to the trustee, stating that she had conditionally conveyed the property to it, that she understood the trust had not taken effect, and that she wished to revoke it; and thereby she did revoke it, and asked for the cancelation of the two instruments and for their return to her.

To this letter the trustee, by its attorney, replied that, after a careful reading of the deed and agreement, it was of the opinion that it was without authority to cancel or annul the trust; that both instruments were deliberately executed and delivered to it for the uses intended, and that the trust had been duly accepted; that the diocese of the cathedral (the *cestui que trust*) had become vested with certain rights which it could not de-

stroy, and might be held answerable for.    It was suggested that if she told the bishop of her desire to revoke the trust he might find some way to accomplish her desire.    It does not appear that she acted upon this advice or made any further attempt to revoke the trust, though she lived for some three years thereafter.

On April 21, 1900, she executed a will which, after her death, occurring three days later, was duly admitted to probate in Merrimac county, New Hampshire.    By this will, which was in proper form to vest title to real estate situate in the District of Columbia, she devised to the plaintiff, in trust, certain property, including the lot in question.

*Mr. B. F. Leighton,* for the appellant:

1. A conditional delivery is and only can be made by placing the deed in the hands of a third person, to be kept by him till the happening of the event on which the deed is to be delivered over by the third person to the grantee; but it is an essential element, characteristic, and indispensable feature of every delivery, whether absolute or conditional, that there must be a parting with the right to the possession of the deed, and of all power and control over it, by the grantor, for the benefit of the grantee, at the time of delivery.    *Preutzman* v. *Baker,* 30 Wis. 644; *Porter* v. *Woodhouse,* 13 L. R. A. 65; *Cook* v. *Brown,* 34 N. H. 476; *Fisher* v. *Hall,* 41 N. Y. 421; *Jackson* v. *Leek,* 12 Wend. 105; *Fay* v. *Richardson,* 7 Pick. 91; *City Bank* v. *Phelps,* 34 Conn. 103; *Commercial Bank* v. *Rukless,* 5 N. J. Eq. Ch. 430; *Baldwin* v. *Maltsby,* 27 N. C. 5 Ired. L. 505.

Where the delivery of the deed is to the grantee, such delivery, of itself, works an estoppel on the grantor to set up anything contrary thereto.    *Newman* v. *Baker,* 10 App. D. C. 196. But where, as in the case at bar, the deed, although placed in the hands of the grantee, is accompanied by an agreement of the same date as the deed, signed and sealed by the grantor and grantee, and delivered at the same time, and referring in terms to the deed itself, the two instruments must be construed to-

gether.   The sealed contract and the deed constitute one trans-
action, and must be interpreted as one instrument.   *Joy* v.
*St. Louis,* 138 U. S. 38.

2. By the last clause of the  agreement  the grantee in said
deed in trust was to hold the same, but not make it of record in
the office of the recorder of deeds, *unless previously specifically
instructed so to do by the grantor.*   Why such a restriction, if
the deed was intended to be absolute?   The right to record
deeds conveying real property in this jurisdiction is a valuable
right, and its denial is inconsistent with the intent to make the
delivery absolute.   By withholding the deed from record the
grantor still retained the legal power, if not the legal right, to
dispose of the property as she saw fit, and to convey an in-
defeasible title to any person without knowledge of the prior
conveyance.   *Hill* v. *Low,* 6 Mackey, 428; *McIlhargy* v.
*Chambers,* 117 N. Y. 532; *Ten Eyck* v. *Whitbeck,* 156 N. Y.
341.

If, therefore, the grantor intended and believed the delivery
to be complete, and that nothing remained to be done to com-
plete it, and in fact nothing did remain to be done, then there
was a delivery.   If, on the other hand, the grantor understood
that something remained to be done before the deed was actual-
ly delivered and became irrevocable, and  that  thing was not
done, then the delivery remained incomplete, and the deed was
revocable.

The learned court below correctly held that the deed and
agreement must be construed together as one instrument, and
from the construction of the two papers must be derived the
grantor's understanding and intent as to a delivery.

When we examine the accompanying instrument, the in-
ference is irresistible that it was  the  understanding of the
grantor that it was the *record* of the deed which completed the
act of delivery, and made that final and irrevocable which was
before inchoate and revocable; and this is not surprising since
the record of a deed is presumptive and the usual evidence of
delivery, and it is a common belief among the laity that a deed
*must* be recorded to be valid.

If this was not the understanding of the grantor it is difficult to see why she insisted upon this stipulation limiting the right of the grantee to record the deed; that she did so understand it is apparent from the fact that she subsequently, in writing, revoked the deed and endeavored to prevent the final, and, to her mind, binding and irrevocable act of record.

3. While the record is not essential to the validity of a conveyance or the vesting of a title, it does not follow that the grantor may not *make* the record a condition to a delivery. *Johnson* v. *Phipp,* 2 Johns. 421; *Johnson* v. *Dunlop,* 1 Johns. Cas. 114; *Hooper* v. *Ramsbottom,* 6 Taunt. 12; *Shedd* v. *Shedd,* 3 N. H. 432; *Porter* v. *Woodhouse,* 13 L. R. A. 64.

*Mr. Walter D. Davidge* for the appellee.

Mr. Justice DUELL delivered the opinion of the Court:

These facts [set out in the preliminary statement] present for our consideration the single question whether the deed to defendant was delivered in her lifetime, so as to be effective and leave nothing for her to devise to plaintiff. The court below having answered this question in the affirmative, such decision is assigned as error.

In arriving at a conclusion it is necessary to construe the deed in the light of the agreement executed contemporaneously. So considering them, it is clear that the intent of the parties was that there should be and was a delivery of the deed to the trustee and its acceptance by it, and there was no valid revocation of the trust by the grantor. Her letter to the trustee, in the light of the answer made to it, cannot be held to amount to anything. We do not think that it was in her power to withdraw the property from the operation of the trust in any such way. It is urged on behalf of the appellant that Miss Dame could have defeated the trust by the substitution of valueless property under what may be termed the substitution clause of the deed. It is idle to consider this for the very good reason that she never exercised the reserved right to substitute. The legal title to the lot became vested in the trustee by the ex-

ecution and delivery of the deed, June 18, 1892, and so remained in it up to and at the ime of the death of the grantor, notwithstanding the fact that the beneficiaries and the trustee had no beneficial interest therein during her lifetime. It is further insisted that, because the grantor provided in the agreement that the deed should not be recorded in her lifetime without her written consent, it was her intention that there should be no delivery of the deed, and that failure to permit the record of the deed during her lifetime may be considered as proof of nondelivery. We think not. The delivery of a deed, as between the parties, is in no way affected by a failure to record it. Record of a deed is not essential to delivery, even though it be withheld from record by agreement of the parties. *Fitzgerald* v. *Wynne,* 1 App. D. C. 107. In our opinion the agreement to withhold the deed from record during the lifetime of the grantor was not intended to make, and in no way made, it a contingent conveyance.

The court below very clearly set forth the relations to, and rights in, the property in question when it said: "Inasmuch as the will could not take effect until the death of the testatrix, and inasmuch as the devisee in the will must be treated as a volunteer, or one who takes property as a gift without consideration; and as the legal title to the defendant, and the equitable title and estate to the officers of the church, passed on the execution of the deed (the latter, however, to begin immediately on the death of the life tenant), there was no title left in the grantor to this property to be disposed of by her will."

The judgment will be affirmed, with costs, and it is so ordered.                                      *Affirmed.*